IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE M. STEIN,                    )
                    Plaintiff,         )
                                       )
          v.                           )          2:12-CV-273
                                       )
                                       )
COMMISSIONER OF SOCIAL                 )
SECURITY,                              )
                    Defendant.         )

MEMORANDUM and ORDER

Mitchell, M.J.:

Presently before the Court for disposition are cross motions for summary judgment.  For

the reasons set forth below, the Plaintiff's Motion for Summary Judgment (ECF No. 10) will be

denied; the defendant's Motion for Summary Judgment (ECF No.12) will be granted and the

decision of the Commissioner will be affirmed.

On March 5, 2012, Christine M. Stein, by her counsel, filed a complaint pursuant to

Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g), for review of the

Commissioner's final determination disallowing her claim for a period of disability or for

disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as

amended, 42 U.S.C. §§416(i) and 423.

On June 2, 2009, the plaintiff filed an application for disability benefits alleging that she

had been disabled since June 3, 2004 (R.117-120), and benefits were denied on August 11, 2009

(R. 79-80). On August 27, 2009, the plaintiff requested a hearing (R.86-87) and pursuant to that

request a hearing was held on May 11, 2010 (R.50-76).  In a decision dated June 8, 2010,

benefits were denied (R.36-49), and on August 6, 2010, reconsideration was requested (R.23-27).

Upon reconsideration and in a decision dated January 4, 2012, the Appeals Council affirmed the

prior determination (R.1-3). On March 5, 2012, the instant complaint was filed.

In reviewing an administrative determination of the Commissioner, the question before

any court is whether there is substantial evidence in the agency record to support the findings of

the Commissioner that the plaintiff failed to sustain her burden of demonstrating that she was

disabled within the meaning of the Social Security Act.

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the
> record, a judgment affirming, modifying, or reversing the decision of the
> Commissioner of Social Security, with or without remanding the cause for a
> rehearing.  The findings of the Commissioner of Social Security as to any fact, if
> supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion, Johnson v. Comm'r. 529 F.3d

198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence.

Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

At the hearing held on May 11, 2010 (R. 50-76) the plaintiff appeared with counsel

(R.52) and testified that she last worked in 2004 as a secretary and that she stopped working

when she had to take a job-buyout since her duties were increased (R.53-54).

The plaintiff also testified that she has a fractured wrist (R.55); that her back pain has

gotten worse (R.56-57,71); that she requires help performing household chores (R.60); that she

can sit for about a half hour and lift eight pounds (R.62,68,69); that she requires help performing

household chores (R.60); that she had gastric bypass surgery in 2003 (R.71) and that she takes

Vicodan for pain (R.63-64).

At the hearing a vocational expert was called upon to testify (R.73-75). She characterized the plaintiff's past work as lower end semi-skilled light work with no skills transferable to sedentary work (R.74). The Administrative Law Judge concluded that the only question before him was whether the plaintiff could perform her prior work (R.75).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. Section 423(d)(3).  These provisions are also applied for purposes of establishing a period of disability.  42 U.S.C. Section 416(i)(2)(A).

While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts.  NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed.

In a report of a March 8, 2001 MRI, desiccation of discs L1 to L5 was observed. Degenerative lumbar disc disease was noted as well as L4-5 disc protrusion (R.168).

In a report covering treatment during the period from January 20, 2004 through March 20, 2008, Dr. George R. McCollum noted bilateral fibroglandular breasts, right hammertoe surgery from which recovery went well, good leg strength and gait and history of gall bladder and gastric bypass surgery (R.169-237).

In a report covering the period from June 30, 2009 through July 24, 2009, Dr. Richard P. Bonfiglio diagnosed L4-L5 spinal stenosis and multiple level lumbar disc disease (R.238-250).

In a report of a residual functional capacity assessment performed on August 10, 2009 it is noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds and stand, walk or sit for about six hours. Her statements were determined to be only partially credible (R.251-257).

In a report covering the period from June 30, 2009 through March 23, 2010, Dr. Richard P. Bonfiglio noted that the plaintiff was taking Vicodin for pain and that she had been advised to see a hand surgeon for treatment of her left wrist fracture (R.258-267).

In reviewing a disability claim, in addition to considering the medical and vocational evidence, the Commissioner must consider subjective symptoms.  Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1974).  As the court stated in Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971):

Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof.

In <u>Good</u> v. <u>Weinberger</u>, 389 F. Supp. 350, 353 (W.D. Pa. 1975), the Court stated:

<u>Bittel</u> seeks to help those claimants with cases that so often fall within the spirit-- but not the letter--of the Act. That plaintiff did not satisfy the factfinder in this regard, so long as proper criteria were used, is not for us to question.

The applicable regulations require more explicit findings concerning the various vocational facts which the Act requires to be considered in making findings of disability in some cases. The regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he can exert in engaging in work activity), and if his impairment enables him to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed

exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in

assisting the Administrative Law Judge to properly weigh all relevant medical and vocational

facts.

Based on the evidence presented, the Commissioner concluded:

The claimant last met the insured status requirements of the Social Security Act
on December 31, 2009…

Through the date last insured, the claimant had the following severe impairment:
lumbar disc disease…

Consideration has been given to all of the claimant's musculoskeletal complaints.
No treating or examining source has expressed an opinion that claimant's
impairments meet or equal any listing in Appendix I… however, it is noted  that
the impairments have not resulted in sustained disturbance of gait of inability to
ambulate effectively … or inability to perform fine and gross movements
effectively … The record does not show evidence of a gross anatomical
deformity, bony or fibrous anklylosis, joint space narrowing, bony destruction, or
nerve root compression. No medical source of record has appreciated muscle
atrophy. The undersigned finds that the symptoms of the claimant's
musculoskeletal conditions are not of the severity for any listing under
[musculoskeletal system disorders]…

After careful consideration of the entire record, the undersigned finds that,
through the date last insured, the claimant had the residual functional capacity to
perform the full range of sedentary work as defined …

While the claimant has alleged exertional limitations, the medical evidence does
not support the claimant's allegations concerning [her] symptoms and limitations.
The medical evidence establishes a medically determinable impairment of lumbar
disc disease. ..

In terms of the alleged impairments, while the claimant testified to exertional
limitations, the medical evidence of record does not confirm that the claimant has
any exertional limitations that would preclude the claimant from performing a
wide range of sedentary work in the national economy.

The claimant's daily activities also argue against disability. The claimant has
described daily activities that are not significantly limited. The claimant is able to
maintain her household. She does some household chores, such as cooking, light
cleaning, and laundry. The claimant is independent with personal care. She does
not have a driver's license. Her husband takes her shopping for food and clothing.

She reported that she could handle her own finances. Socially, she talks on the telephone. She indicated that she has no problems getting along with family, friends or neighbors. She reported that she could pay attention and follow written instructions. She was able to get along with authority figures. She has never been fired or laid off from a job because of problems getting along with others. She reported [she] could handle stress and changes in a routine "well."  These activities are not indicative of a person who is totally disabled and shows that [she] is able to function quite well doing the things she wants to do.  Nonetheless, the claimant's physical problems reasonably may be expected to limit her ability to perform all but the simplest tasks at the light level of exertion, but to the extent the claimant alleges [she] cannot work within the scope of residual functional capacity adopted here, the undersigned finds the allegations not credible.

After carefully considering all of the documentary evidence, in conjunction with the claimant's testimony, the undersigned concludes that the claimant's subjective complaints are not as severe or limiting as alleged … and would not preclude her from performing work at the sedentary exertional level on a sustained basis…

[T]he undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment…

Through the date last insured, the claimant was capable of performing past relevant work as an office clerk. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity…

The claimant was not under a disability, as defined in the Social Security Act, at any time from June 3, 2004, the alleged onset date, through December 31, 2009, the date last insured… (R.41-47).

The record demonstrates that while the plaintiff suffers from some  degree of lumbar disc disease, there is no medical evidence supportive of her claim of severity of the impairment or the limitations she claims to experience. Rather, her claim of severity has been determined by the Administrative Law Judge to not be credible, which is a determination within his province. Diaz v. Commissioner, 577 F.3d 500, 506 (3d Cir.2009).  For this  reason, the Commissioner's determination is supported by substantial evidence.

Summary judgment is appropriate when there are no disputed material issues of fact, and the movant is entitled to judgment as a matter of law.  Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir.2011). In the instant case, there are no material factual issues in dispute, and it appears that the Commissioner's  conclusion is supported by substantial evidence.  For this reason, the plaintiff's Motion for Summary Judgment will be denied; the defendant's Motion for Summary will be granted and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

ORDER

AND NOW, this 30th day of July 2012, for the reasons set forth in the foregoing Memorandum, the plaintiff's Motion for Summary Judgment (ECF No.10) is DENIED; the defendant's Motion for Summary Judgment (ECF No. 12) is GRANTED, and the decision of the Commissioner is affirmed.

s/ Robert C. Mitchell
United States Magistrate Judge